# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
IN THIS OFFICE
JUN - 7 2018
Clerk U.S. District Court
Greensboro, NC
BY

**SEALED**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, | ) |
| STATE OF ALASKA, *ex rel.*, | ) |
| STATE OF CALIFORNIA, *ex rel.*, | ) |
| STATE OF COLORADO, *ex rel.*, | ) |
| STATE OF CONNECTICUT, *ex rel.*, | ) |
| STATE OF DELAWARE, *ex rel.*, | ) |
| DISTRICT OF COLUMBIA, *ex rel.*, | ) |
| STATE OF FLORIDA | ) |
| STATE OF GEORGIA, *ex rel.*, | ) |
| STATE OF HAWAII, *ex rel.*, | ) |
| STATE OF ILLINOIS, *ex rel.*, | ) |
| STATE OF INDIANA, *ex rel.*, | ) |
| STATE OF IOWA, *ex rel.*, | ) |
| STATE OF LOUISIANA, *ex rel.*, | ) |
| STATE OF MARYLAND, *ex rel.*, | ) |
| COMMONWEALTH OF MASSACHUSETTS, *ex rel.*, | ) |
| STATE OF MICHIGAN, *ex rel.*, | ) |
| STATE OF MINNESOTA, *ex rel.*, | ) |
| STATE OF MONTANA, *ex rel.*, | ) |
| STATE OF NEVADA, *ex rel.*, | ) |
| STATE OF NEW JERSEY, *ex rel.*, | ) |
| STATE OF NEW MEXICO, *ex rel.*, | ) |
| STATE OF NEW YORK, *ex rel.*, | ) |
| STATE OF NORTH CAROLINA, *ex rel.*, | ) |
| STATE OF OKLAHOMA, *ex rel.*, | ) |
| STATE OF RHODE ISLAND, *ex rel.*, | ) |
| STATE OF TENNESSEE, *ex rel.*, | ) |
| STATE OF TEXAS, *ex rel.*, | ) |
| STATE OF VERMONT *ex rel.*, | ) |
| COMMONWEALTH OF VIRGINIA, *ex rel.*, and | ) |
| STATE OF WASHINGTON, *ex rel.*, | ) |
| CITY OF PHILADELPHIA, PENNSYLVANIA *ex rel.*, | ) |
| COUNTY OF ALLEGHENY, PENNSYLVANIA | ) |
| | ) |
| RICHARD HUFF | ) |
| 17164 Seward Street | ) |
| Omaha, NE 68118 | ) |
| | ) |
| Plaintiff-Relator, | ) |
| | ) |
| BRINGING THIS ACTION ON BEHALF | ) |
| OF THE UNITED STATES OF AMERICA, | ) |
| THE STATES OF ALASKA CALIFORNIA, | ) |

CASE NO.: 18CV489

**COMPLAINT**
**FILED UNDER SEAL**
PURSUANT TO
31 U.S.C. §3730(b)(2)

**JURY TRIAL**
**DEMANDED**

*\*\*DO NOT PLACE*
*IN PRESS BOX\*\**

*\*\*DO NOT ENTER*
*ON PACER\*\**

1

COLORADO, CONNECTICUT, DELAWARE, )
FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, )
IOWA, LOUISIANA, MARYLAND, MICHIGAN, )
MINNESOTA, MONTANA, NEVADA, )
NEW JERSEY, NEW MEXICO, NEW YORK, )
NORTH CAROLINA, OKLAHOMA, )
RHODE ISLAND, TENNESSEE, TEXAS, VERMONT )
WASHINGTON, )
THE COMMONWEALTH OF MASSACHUSETTS, )
THE COMMONWEALTH OF VIRGINIA, )
THE DISTRICT OF COLUMBIA, )
THE COUNTY OF ALLEGHENY, PENNSYLVANIA )
THE CITY OF PHILADELPHIA, PENNSYLVANIA )
)
c/o )
UNITED STATES ATTORNEY FOR THE )
MIDDLE DISTRICT OF NORTH CAROLINA )
101 SOUTH EDGEWORTH STREET )
GREENSBORO, NC 27401 )
)
ATTORNEY GENERAL OF )
THE UNITED STATES )
U.S. Department of Justice )
10th and Constitution Avenue, N.W. )
Washington, DC 20530 )
)
ATTORNEY GENERAL FOR THE STATE OF )
ALASKA )
1031 WEST 4TH AVENUE, ST. 200 )
ANCHORAGE, AK 99501 )
)
ATTORNEY GENERAL FOR THE STATE OF )
CALIFORNIA )
P.O. Box 944255 )
Sacramento, CA 94244-2250 )
)
ATTORNEY GENERAL FOR THE STATE OF )
COLORADO )
1300 Broadway 9th Floor )
Denver, CO 80203 )
)
ATTORNEY GENERAL FOR THE STATE OF )
CONNECTICUT )
55 Elm Street )
Hartford, CT 06106 )
)
)

ATTORNEY GENERAL FOR THE STATE OF          )
DELAWARE                                   )
820 N. French Street                       )
Wilmington, DE 19801                       )
                                           )
ATTORNEY GENERAL FOR THE                   )
DISTRICT OF COLUMBIA                       )
441 4th Street NW, Suite 1060 N            )
Washington, DC 20001                       )
                                           )
CHIEF FINANCIAL OFFICER FOR THE STATE OF   )
FLORIDA                                    )
 200 East Gaines Street                    )
Tallahassee FL 32399                       )
                                           )
ATTORNEY GENERAL FOR THE STATE OF          )
FLORIDA                                    )
The Capitol PL-1                           )
Tallahassee, FL 32399                      )
                                           )
ATTORNEY GENERAL FOR THE STATE OF          )
GEORGIA                                    )
40 Capitol Square, SW                      )
Atlanta, GA 30334                          )
                                           )
ATTORNEY GENERAL FOR THE STATE OF          )
HAWAII                                     )
425 Queen Street                           )
Honolulu, HI 96813                         )
                                           )
ATTORNEY GENERAL FOR THE STATE OF          )
ILLINOIS                                   )
100 West Randolph Street                   )
Chicago, IL 60601                          )
                                           )
ATTORNEY GENERAL FOR THE STATE OF          )
INDIANA                                    )
Indiana Government Center South            )
302 W. Washington St., 5th Floor           )
Indianapolis, IN 46204                     )
                                           )
INSPECTOR GENERAL FOR THE STATE OF         )
INDIANA                                    )
315 WEST OHIO STREET                       )
Indianapolis, IN 46202                     )

ATTORNEY GENERAL FOR THE STATE OF
IOWA
1305 E. Walnut Street, 2nd Floor
Des Moines, IA 50319

ATTORNEY GENERAL FOR THE STATE OF
LOUISIANA
1885 North 3rd St
Baton Rouge, LA 70802

ATTORNEY GENERAL FOR THE STATE OF
MARYLAND
200 St. Paul Place
Baltimore, MD 212202

ATTORNEY GENERAL FOR THE
COMMONWEALTH OF MASSACHUSETTS
One Ashburton Place
Boston, MA 02108-1518

ATTORNEY GENERAL FOR THE STATE OF
MICHIGAN
G. Mennen Williams Building, 7th Floor
525 W. Ottawa St.
P.O. Box 30212
Lansing, MI 48909

ATTORNEY GENERAL FOR THE STATE OF
MINNESOTA
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101

ATTORNEY GENERAL FOR THE STATE OF
MONTANA
Justice Building, Third Floor
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

ATTORNEY GENERAL FOR THE STATE OF
NEVADA
100 North Carson Street
Carson City, NV 89701

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ATTORNEY GENERAL FOR THE STATE OF
NEW JERSEY
Richard J. Hughes Justice Complex
8th Floor, West Wing
25 Market Street
Trenton, NJ 08625-0080

ATTORNEY GENERAL FOR THE STATE OF
NEW MEXICO
PO Box 1508
Santa Fe, NM 87504-1508

ATTORNEY GENERAL FOR THE STATE OF
NEW YORK
120 Broadway, 24th Floor
New York, NY 10271

ATTORNEY GENERAL FOR THE STATE OF
NORTH CAROLINA
9001 Mail Service Center
Raleigh, NC 27699-9001

ATTORNEY GENERAL FOR THE STATE OF
OKLAHOMA
313 NW 21st St
Oklahoma City, OK 73105

ATTORNEY GENERAL FOR THE STATE OF
RHODE ISLAND
150 South Main Street
Providence, RI 02903

ATTORNEY GENERAL AND REPORTER FOR THE
STATE OF TENNESSEE
425 5TH Avenue
Nashville, TN 37243

ATTORNEY GENERAL FOR THE STATE OF
TEXAS
PO Box 12548
Austin, TX 78711-2548

ATTORNEY GENERAL FOR THE
COMMONWEALTH OF VERMONT
109 State Street
Montpelier, Vermont 05609

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ATTORNEY GENERAL FOR THE )
COMMONWEALTH OF VIRGINIA )
Office of the Attorney General )
900 East Main Street )
Richmond, Virginia 23219 )
)
ATTORNEY GENERAL FOR THE STATE OF )
WASHINGTON )
1125 Washington Street, SE )
P.O. Box 40100 )
Olympia, WA 98504 )
)
COUNTY SOLICITOR )
ALLEGHENY COUNTY, PENNSYLVANIA )
445 Ft. Pitt Boulevard, Suite 300 )
Pittsburgh, PA )
)
CITY SOLICITOR OF )
PHILADELPHIA, PENNSYLVANIA )
17th Floor )
1515 Arch Street )
Philadelphia, PA 19102 )
v. )
)
COMFORTLAND MEDICAL, INC. )
COMFORTLAND MEDICAL, LLC )
709 A O Smith Road, )
Mebane, NC 27302 )
)
DR. DAVID TSUI )
306 Old Larkspur Way )
Chapel Hill, North Carolina 27516 )
)
LOIS TSUI, )
306 Old Larkspur Way )
Chapel Hill, North Carolina 27516 )
)
DEFENDANTS. )
)

1.  This is an action filed under the *qui tam* provisions of the Federal False Claims Act, 31

    U.S.C. Sec. 3729, *et seq.*, by Plaintiff-Relator Richard Huff, in the name of the United

    States and the governments of Alaska, California, Colorado, Connecticut, Delaware, the

District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, Washington as well as Allegheny County, Pennsylvania, the City of Philadelphia, Pennsylvania and himself to recover penalties and damages arising from the Defendants' submission of false claims arising from the knowing and willful marketing of Durable Medical Equipment with the participation of an excluded individual.

2.      If exclusion from participation in government programs is to have any effect in law at all, then an excluded individual cannot be allowed to have his wife set up a corporation after his exclusion and actively participate in marketing the goods it sells to be purchased ultimately by government programs.

3.      Accordingly, Plaintiff-Relator files this action to recover penalties and damages on behalf of himself and the above-listed governments.

## I.      JURISDICTION AND VENUE

4.      This action arises under the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.*

5.      This Court maintains subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, and supplemental and pendant jurisdiction.

6.      Plaintiff-Relator also brings this action on behalf of the governments of Alaska, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia and Washington, the

County of Allegheny, Pennsylvania and the City of Philadelphia, Pennsylvania hereinafter referred to collectively as "the States."

7. Plaintiff-Relator brings this action on behalf of the States for the Defendant's violations of Alaska Stat §§ 09.58.010 *et seq.*; Cal. Gov't Code §§ 12650 *et seq.* Colo. Rev. Stat. §§ 25.4-4-303.4 *et seq.*; Conn. Gen. Stat. §§ 17b-301a--17b-301p (2010 supplement); Del. Code Ann. Tit.6. §§ 1201 *et seq.*; D.C. Code §§ 2-381.01 *et seq.*; Fla. Stat. Ann. §§ 68.081 *et seq.* Ga. Code. Ann. §§ 49-4-168 *et seq.*; Haw. Rev. Stat. Ann. §§ 661-21 *et seq.*; 740 Ill. Comp. Stat. Ann. 175/1 *et seq.*; Ind. Code §§ 5-11-5.5 *et seq.*; Iowa Code § 685.1 *et seq.*; La. Rev. Stat. Ann. §§ 6:438.1 *et seq.*; Md. Code Ann. Health-Gen. §§ 2□601 *et seq.*; Md. Code Ann. Gen. Prov. §§ 8-101 *et seq.*; Mass. Ann. Laws ch.12, §§ 5 *et seq.*; Mich. Comp. Laws. Serv. §§ 400.601 *et seq.*; Minn. Stat. §§ 15C.01 *et seq.*; Mont. Code Ann. §§ 17-8-401 *et seq.*; Nev. Rev. Stat. Ann. §§ 357.010 *et seq.*; N.J. Stat. Ann. §§ 2A: 32C-1 *et seq.*; N.M. Stat. Ann. §§ 27-14-1 *et seq.*; N.M. Stat. Ann. §§ 44-9-1 *et seq.* N.Y. State Fin. Law §§ 188 *et seq.*; N.C. Gen. Stat. §§ 1-605 *et seq.*; Okla. Stat. tit. 63, §§ 5053 *et seq.*; R.I. Gen. Laws §§ 9-1.1-1 *et seq.*; Tenn. Code Ann. §§ 4-18-101 *et seq.*; Tenn. Code Ann. §§ 71-5-181 *et seq.* 1993; Tex. Hum. Res. Code Ann. §§ 36.001 *et seq.*; Va. Code Ann. §§ 8.01-216.1 *et seq.*; 32 VSA §§ 630 *et seq.*; RCW 74.66.005 *et seq.*, Allegheny County, PA Chapter 485, *et. seq.*; Phila, PA Code Ch.19 §§ *et seq.*

8. These laws hereinafter are collectively referred to as the "State False Claims Acts."

9. Jurisdiction over claims arising under the State authorities False Claims Acts is also conferred by 31 U.S.C. § 3732(b) and in that the transactions and or occurrences described, which violate the State False Claims Acts involve a common nucleus of facts as, and are related to, those that violate the Federal False Claims Act. See also 31 U.S.C.

§ 3732(c) as to the seal applying to any local authorities in this case in particular Allegheny County, Pennsylvania and the City of Philadelphia, Pennsylvania.

10.    Venue is proper in this jurisdiction pursuant to 31 U.S.C. § 3732(a) because at least one Defendant maintains an office in this district, and regularly transacts business in this district and did so at all times relevant to this Complaint. The False Claims Act confers nationwide jurisdiction.

## II.    PARTIES

11.    Plaintiff-Relator Richard Huff, of 17164 Seward St, Omaha, NE 68118 works for VQ OrthoCare, as Vice-President of Domestic Sales and was in this position when he first became aware of the practices detailed herein. He has continued to investigate the allegations, while working for his own company to sell competing products and doing so, in stark contrast to the Defendants, by using legal means.

12.    There have been no prior public disclosures of allegations or transactions that are the subject of this Complaint as defined by the term "publicly disclosed" under 31 U.S.C. § 3730(e)(4)(A).

13.    Mr. Huff is an original source of all the allegations contained in this Complaint within the meaning of 31 U.S.C. § 3730(e)(4)(B).

14.    Mr. Huff has independent knowledge of all the information contained herein, and voluntarily provided such information to the United States and the above listed States prior to filing an action in Court.

15.    Defendant, Comfortland Medical, Inc. of 709 A O Smith Road, Mebane, NC 27302, is incorporated in North Carolina. It was formed in 2008 with 1,000 shares of stock and a listed registered agent. No annual reports were filed until after the company was

dissolved by operation of law in 2010. It was reinstated in 2010 and thereafter Lois Tsui is listed as President. Comfortland Medical, Inc. produces and sells orthopedic bracing products, to increase a patient's range of motion.

16. Defendant Comfortland International, LLC is also listed as controlled by Lois Tsui. Hereinafter Comfortland Medical, LLC and Comfortland Medical, Inc. are collectively referred to as "Comfortland Medical."

17. Defendant, Dr. David Tsui, of 306 Old Larkspur Way Chapel Hill, North Carolina 27516 is trained as a podiatrist. Dr. Tsui is listed as the President, of Dr. 2 Shoes. He is also listed as the Registered Agent for Blue Empire, LLC. Dr. 2 Shoes, of 400 S. Elliott Road, Suite E, Chapel Hill, North Carolina 27514, was incorporated in North Carolina. It produced and sold removable orthotics, which are placed in a patient's shoes, in order to eliminate pain while walking.

18. Defendant Lois Tsui, of 306 Old Larkspur Way Chapel Hill, North Carolina 27516 is the President of Comfortland Medical. Lois Tsui is the wife of Dr. David Tsui. She is also listed as the Manager of Wellcare Consulting, LLC of 306 Old Larkspur Way, Chapel Hill, NC 27514 and Manager of Blue Empire, LLC of 7120 Creek Wood Drive 27514. Blue Empire, LLC purchased the office building where Comfortland Medical is located.

## III. FACTUAL ALLEGATIONS

### A. Introduction

19. Plaintiff-Relator Richard Huff has more than twelve (12) years of experience in medical sales management.

20. In the normal course of his business Mr. Huff learned that Defendant David Tsui was continuing to engage in the sale of medical devices, which are paid for by Medicare and

other government programs, despite the fact that Dr. Tsui has been excluded by law from doing so and that Comfortland Medical and Lois Tsui were participating in this illegal activity.

**B. Dr. David Tsui and Dr. 2 Shoes are excluded from the Medicare Program**

21.     Dr. David Tsui is listed by the Medicare Office of Inspector General as excluded from making sales of medical equipment to government programs.

22.     The listing specifically notes the provision, of the Social Security Act under which this action has been taken as "Excl. Type 1128(a)(1) – PROGRAM RELATED CONVICTION."

23.     This designation corresponds to the Social Security Act Sec. 1128. [42 U.S.C. § 1320a-7] (a)(1), which calls for a mandatory exclusion from participation in any Federal or State health care program by:

> Any individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under title XVIII or any State health care program.

42 U.S.C. § 1320a-7(a)(1).

24.     Dr. Tsui was indicted on December 17, 2007 for various counts of health care fraud. He pled guilty to criminal charges of health care fraud, the sentencing took place on January 5, 2009 and the exclusion listing states he was excluded from participation on December 20, 2009. As of May 21, 2018 he was still listed as excluded from participation by the U.S. Department of Health & Human Services OIG Database.

25.     As a result of that agreement Dr. 2 Shoes is also listed and is similarly excluded pursuant to the Social Security Act Sec. 1128 [42 U.S.C.§ 1320a-7] (a)(1). As of May 21, 2018 it

is also still listed as excluded on the U.S. Department of Health & Human Services OIG Database.

26. The exclusion pertains to any state or federal government program including for example, Medicare, Medicaid, Tri-Care or state employee health care plans.

27. These exclusions have the effect of creating unpayable claims to government programs regarding any Comfortland Medical devices, because of the involvement of Dr. Tsui.

28. Numerous regulations make his exclusion combined with his continued participation with, if not ownership of, Comfortland Medical prohibited.

29. For example, according to 42 C.F.R. § 424.57(c)(4) a supplier may not contract with any entity that is currently excluded from the Medicare program, any State Health care programs, or from any other Federal procurement or non-procurement programs.

30. Pursuant to CMS Form 1500, any DME provider, submitting a claim for Federal funds, must expressly certify that they are complying with all Medicare laws, regulations, and program instructions for payment.

31. Comfortland Medical cannot therefore, legally contract with Dr. Tsui (even assuming he does not really own it).

32. He cannot receive funding from Comfortland Medical.

33. The Scope of such exclusions includes his indirectly supplying equipment as set forth at 42 C.F.R. § 1001.1901:

> **(a)** *Scope of exclusion.* Exclusions of individuals and entities under this title will be from Medicare, Medicaid and any of the other Federal health care programs, as defined in § 1001.2.
> **(b)** Effect of exclusion on excluded individuals and entities.
> **(1)** Unless and until an individual or entity is reinstated into the Medicare, Medicaid and other Federal health care programs in accordance with subpart F of this part, no payment will be made by Medicare, Medicaid or any of the other Federal health care

programs for any item or service furnished, on or after the effective date specified in the notice period, by an excluded individual or entity, or at the medical direction or on the prescription of a physician or other authorized individual who is excluded when the person furnishing such item or service knew or had reason to know of the exclusion. This section applies regardless of whether an individual or entity has obtained a program provider number or equivalent, either as an individual or as a member of a group, prior to being reinstated.

(2) An excluded individual or entity may not take assignment of an enrollee's claim on or after the effective date of exclusion.

(3) An excluded individual or entity that submits, or causes to be submitted, claims for items or services furnished during the exclusion period is subject to civil money penalty liability under section 1128A(a)(1)(D) of the Act, and criminal liability under section 1128B(a)(3) of the Act and other provisions. In addition, submitting claims, or causing claims to be submitted or payments to be made for items or services furnished, ordered or prescribed, including administrative and management services or salary, may serve as the basis for denying reinstatement to the programs.

42 C.F.R. § 1001.1901.

34. Pursuant to this regulation the term "Furnished" is defined at 42 C.F.R. § 1000.10:

Furnished refers to items or services provided or supplied, directly or indirectly, by any individual or entity. This includes items and services manufactured, distributed or otherwise provided by individuals or entities that do not directly submit claims to Medicare, Medicaid or other Federal health care programs, but that supply items or services to providers, practitioners or suppliers who submit claims to these programs for such items or services.

42 C.F.R. § 1000.10.

## C. Dr. Tsui's wife Lois Tsui, is the President of Comfortland Medical

35. Dr. Tsui's wife is Lois Tsui. She is also listed at the President of Comfortland Medical.

Dr. Tsui is therefore an immediate family member as defined under the Act § and a member of the household as defined under the Act Sec. 1128 [42 U.S.C. § 1320a-7] (j)(2).

13

36. The Social Security Act prohibits Comfortland Medical from selling equipment pursuant to government programs if an excluded individual is involved, yet David Tsui continues to participate and in fact any evidence on the company's actual operations indicates that he runs the company.

37. There is significant public information that in its formation Dr. Tsui had direct ownership interest in Comfortland Medical as it was alleged in a patent suit of 2013 that he, and not just Lois Tsui his wife, was involved.

38. In addition, David and Lois Tsui through Blue Empire, LLC own the Real Estate where Comfortland Medical has offices.

39. Lois Tsui's name is not on the exclusion list, but she is knowingly facilitating transactions, through a sanctioned individual, who is an immediate family member. Mrs. Tsui has no known training in orthotics.

40. Since Comfortland Medical is not on the exclusion list, and Dr. Tsui is not listed as an officer of the company, he has been able to circumvent the listing of his name on the exclusion list, in addition to his company Dr. 2 Shoes.

## D. Dr. Tsui actively participates in, if not runs, Comfortland Medical

41. Comfortland Medical and Lois Tsui cannot legally sell its products when they know government payers are ultimately paying for them, because of David Tsui's continued involvement in sales of the equipment.

42. As noted above, Dr. Tsui's sentencing took place on January 5, 2009 and he was excluded later that year. Nonetheless, after he became excluded from participating in Federal health care programs, he continued to act as an agent for Comfortland Medical at this and many similar conferences.

14

43. Dr. Tsui continues to act as an agent of Comfortland Medical, which is prohibited. See, The Social Security Act Sec. 1128 [42 U.S.C. § 1320a-7] (a)(8).

44. For example, Dr. David Tsui represented Comfortland Medical at The Georgia Association of Medical Equipment Suppliers (GAMES). Dr. Tsui also registered to run an exhibitor's booth for Comfortland at the Virginia Podiatric Medical Association June 20, 2013.

45. Mr. Huff Personally observed Dr. Tsui selling Comfortland products at more than one industry trade event as recently as late 2017.

46. Comfortland Medical exhibited at the Med-Trade Fall 2017 show operating out of booth 1449 in the Exhibit Hall. Mr. Huff attended the trade show from October 23 to October 25 and visited the Comfortland Medical Booth on October 25, 2017. At that time Mr. Huff met with a sales representative who said his name was Octavius and discussed the products and business.

47. Mr. Huff asked Octavius who Comfortland Medial had working the show and was told "Myself, Zack and the owner, David."

48. Mr. Huff later witnessed David Tsui working in the booth and soliciting business for Comfortland Medical.

49. Mr. Huff also observed David Tsui working the Comfortland Medical booth at the Med-Trade Spring show in Las Vegas Held February 27-March 1, 2017.

**E. Comfortland Medical is selling DME despite the participation of an excluded individual**

50. The Plaintiff-Relator has encountered multiple occasions during which, he learned of physicians and Durable Medical Equipment ("DME") providers purchasing Comfortland Medical products with funds from government programs.

51. The, Plaintiff-Relator and his sales force are in contact with physicians and DME suppliers on a regular basis, and through the normal course of his business he has learned about Comfortland Medical's efforts to sell competing products.

52. Mr. Huff obtained evidence that Comfortland Medical products are being sold through drop shipping arrangements to Medicare beneficiaries.

53. The Relator obtained photographic evidence of one such shipment arriving at a residence in Huntington Beach California through UPS Ground. The company selling the equipment on behalf of Comfortland Medical was Empire Medical Equipment and Supplies, LLC of 7900 Glades Road Suite 650 Boca Raton, Florida 33434 with an NPI # of 1568828267. The owner is a Raymond D. Shores who is listed the same address.

54. Mr. Shores is also listed as the owner of Alliance Medical supplies, LLC of 7900 Glades Road Suite 260 Boca Raton, Florida 33434 with an NPI # of 1881044253.

55. The shipment itself indicated it was of Comfortland Medical products and included two knee braces a shoulder sling a back brace and shoulder abduction system conservatively estimated to cost Medicare $3,000.

56. Since Dr. Tsui is excluded, any agreements between Comfortland Medical and Dr. Tsui leading to any sales funded by government programs, would make any such sales illegal.

57. Furthermore, Dr. Tsui may not through Comfortland Medical supply anything at all since that would involve an excluded individual indirectly supplying such material.

58. Suppliers of Comfortland Medical products include, but are not limited to, the following companies who sell equipment through government insurance programs:

> Active Life Medical Products, Inc.
> 4217 Coronado Ave. Unit D
> Stockton, CA. 95204

BraceHelpline
5117 North Lamar
Austin, Texas 78703

Century Orthotics & Medical Equipment, LLC
16522 House Hahl Road #E2
Cypress, Texas 77433

DDP Medical Supply
11800, 28th Street North
St. Petersburg, Florida 33716
Owned by
Emily Corporation 4820 Park Boulevard
Pinellas Park, FL 33781

Durable Medical Supply, Inc.
720 Glynn Street North Unit D-1
Fayetteville, GA 30214

Edwards Health Care Services, Inc.
5640 Hudson Industrial Parkway,
Hudson Ohio, 44236

Empire Medical Equipment and Supplies LLC
7900 Glades Road Suite 650
Boca Raton, Florida 33434
**NPI Number 1568828267**

Endeavor Medical Supply, Inc.
7851 Walker St. Suite 102
La Palma CA 90623

MedVantage Plus, LLC
6560 West Rogers Circle Suite 19
Boca Raton, Florida 33487

Mobile Mobility, Inc.
951 North Schillinger Road Suite, D
Mobile AL 36608

One Source Medical Supply, LLC
1829 Park Lane South
Suite 8 & 9
Jupiter, Florida 33458

PME Home Health

3233 W Peoria Ave Suite 112
Phoenix AZ 85029
Owned by
All-Med Health Care, Inc.
P.O. Box 5607 Glendale Arizona 85312

Southern Mobility and Medical, LLC
503 Oberlin Rd Suite 207
Raleigh, NC 27605

Senior Medical Supplies D.B.A.
SMS Orthotics & Prosthetics
1967 Longwood Lake Mary Road Suite 1007
Longwood, FL 32570

## IV FALSE CLAIMS ACT VIOLATIONS

### COUNT I
### Violations of 31 U.S.C. § 3729 (a) (1) (A)

59. The allegations in the paragraphs above are hereby re-alleged and set forth fully as above.

60. Excluded individuals, excluded entities and entities controlled by excluded individuals or entities that use agents who are excluded individuals may not sell medical equipment to government programs such as Medicare.

61. Suppliers of Durable Medical Equipment may not contract with excluded individuals to sell medical equipment purchased by government programs. This exclusion applies to anyone doing business with David Tsui, who knows he is excluded or has reason to know he has been excluded. Therefore, Comfortland Medical and Lois Tsui are subject to this prohibition.

62. Any such sale of Durable Medical Equipment is at the very least an implied certification, that it is not being sold with an excluded individual controlling the company, or who acts as an agent of the company or who is involved in the sale of the equipment.

18

63. The Defendants knowingly sell orthotic equipment through Comfortland Medical which they know will ultimately be paid for by a government program even when not directly selling to a government program, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

64. The Defendants therefore knowingly violate the Social Security Act through sales of orthotic equipment to government programs thereby creating False Claims Act violations for knowingly submitting or causing the submission of False Claims to the Government under 31 U.S.C. § 3729 (a) (1) (A).

65. As a direct and proximate result of Defendants' knowing violations of the False Claims Act, the Defendants are liable to the United States for three times the amount of damages they have created to the United States as a result of submitting, or causing to submit, these false claims.

66. Each and every such violation of the Federal False Claims Act is also subject to a civil fine under the False Claims Act of between $5,500-$11,000, for conduct occurring prior to November 2, 2015, and a civil fine of between $10,781 and $21,563, for conduct occurring after November 2, 2015. *See* 81 Fed. Reg. 42491 (June 30, 2016). In addition Defendants are liable for any increase as specified by the Federal Civil Penalties Inflation Adjustment Act of 1990.

## COUNT II
### Violations of 31 U.S.C. § 3729 (a) (1) (B)

67. The allegations in the paragraphs above are hereby re-alleged and set forth fully as above.

68. In furtherance of the illegal activities described herein Defendants necessarily create false records material to supporting false claims in violation of 31 U.S.C. § 3729(a)(1)(B).

69. As a direct and proximate result of Defendants' knowing violations of the False Claims Act, the Defendants are liable to the United States for three times the amount of damages they have created to the United States as a result of submitting, or causing to submit, these false claims.

70. The Defendants are liable for three times the amount of damages created by such false claims made to the Government of the United States.

71. Each and every such violation of the Federal False Claims Act is also subject to a civil fine under the False Claims Act of between $5,500 and $11,000, for. And conduct occurring prior to November 2, 2015, and a civil fine of between $10,781 and $21,563, for conduct occurring after November 2, 2015. *See* 81 Fed. Reg. 42491 (June 30, 2016). In addition Defendants are liable for any increase as specified by the Federal Civil Penalties Inflation Adjustment Act of 1990.

## COUNT III
### Violations of 31 U.S.C. § 3729 (a) (1) (B)

72. The allegations in the paragraphs above are hereby re-alleged and set forth fully as above.

73. In furtherance of the illegal activities described herein Defendants necessarily act in a conspiracy to submit or cause the submission of false claims in violation of 31 U.S.C. § 3729(a)(1)(C).

74. As a direct and proximate result of Defendants' knowing violations of the False Claims Act, the Defendants are jointly and severally liable to the United States for three times the amount of damages they have created to the United States as a result of submitting, or causing to submit, these false claims.

75. The Defendants are liable for three times the amount of damages created by such false claims made to the Government of the United States.

76. Each and every such violation of the Federal False Claims Act is also subject to a civil fine under the False Claims Act of between $5,500 and $11,000, for. And conduct occurring prior to November 2, 2015, and a civil fine of between $10,781 and $21,563, for conduct occurring after November 2, 2015. *See* 81 Fed. Reg. 42491 (June 30, 2016).

In addition Defendants are liable for any increase as specified by the Federal Civil Penalties Inflation Adjustment Act of 1990.

### COUNT IV
### Violations of Alaska Stat §§ 09.58.010 *et seq.*
### The Alaska Medical Assistance False Claims and Reporting Act

77. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

78. This is a claim for treble damages and penalties under Alaska Stat §§ 09.58.010 *et seq.* The Alaska Medical Assistance False Claims and Reporting Act.

79. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

80. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

81. As a result, Defendants knowingly presented or caused to be presented false claims to the Alaska Medical Assistance Program.

82. Defendants knowingly accomplished these unlawful acts by making, using or causing false records or statements to be used in support of false claims.

83. The Alaska Medical Assistance was unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been paid.

84. By reason of these payments Alaska has been damaged and continues to be damaged in an amount to be determined at trial.

85. Defendants are liable to the State of Alaska for three times the amount of such damages and civil fines under the Alaska Medial Assistance False Claims and Reporting Act.

## COUNT V
### Violations of Cal. Gov't Code §§ 12650 *et seq*.
### The California False Claims Act

86. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

87. This is a claim for treble damages and civil penalties under the Cal. Gov't Code §§12650 *et seq.*

88. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

89. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

90. As a result, Defendants knowingly presented or caused to be presented false claims to the California Medicaid program (Medi-Cal), as well as programs funded by California and its political subdivisions, as defined under the California False Claims Act for health care plans of their employees.

91. Defendants knowingly accomplished these unlawful acts by making, using or causing false records or statements to be used in support of false claims.

92. The California Medicaid Program and any additional program paying for such equipment with California State funds or funds from the political subdivisions of California were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been paid.

93. By reason of these payments California has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT VI
### Violations of Colo. Rev. Stat. §§ 25.4-4-303.4 *et seq.*
### The Colorado False Claims Act

94. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

95. This is an action for treble damages and civil penalties for violations of The Colorado False Claims Act, Colo. Rev. Stat. §§ 25.4-4-303.4 *et seq.*

96. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

97. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

98. As a result Defendants knowingly presented or caused to be presented false claims to the Colorado Medicaid program, and to programs funded by Colorado and its political subdivisions, to cover health care costs for their employees.

99. Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

100. The Colorado Medicaid Program and any additional program paying for such orthotic equipment with funds from the state of Colorado or its subdivisions were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been paid.

101. By reason of these payments Colorado has been damaged and continues to be damaged in an amount to be determined at trial.

**Violations of Conn. Gen. Stat. §§ 17b-301a--17b-301p (2010 Supplement)**
**The Connecticut False Claims Act**

102.     The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

103.     This is an action for treble damages and civil penalties for violations of the Connecticut False Claims Act, Conn. Gen. Stat. §§ 17b-301a--17b-301p (2010 Supplement).

104.     The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

105.     The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

106.     As a result Defendants knowingly presented or caused to be presented false claims to the Connecticut Medicaid program, and to programs funded by the state of Connecticut as well as its political subdivisions, to support the health care of their employees.

107.     Defendants knowingly accomplished these unlawful acts by making using or causing to the use of false records or statements.

108.     The Connecticut Medicaid Program and any additional program paying for such orthotic equipment with Connecticut State funds, or funds from a political subdivision of the State, were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been paid.

109.     By reason of these payments Connecticut has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT VIII
### Violations of Del. Code Ann. tit. 6, §§ 1201 *et seq.*
### The Delaware False Claims and Reporting Act

110. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

111. This is an action for treble damages and civil penalties for violations of Section 1201(a) of the Delaware False Claims and Reporting Act, Del. Code Ann. tit. 6, §§ 1201 *et seq.*

112. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

113. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

114. As a result Defendants knowingly presented or caused to be presented false claims to Delaware's Medicaid program, and to programs funded by the Government of Delaware as defined under the Delaware False Claims and Reporting Act to include all political subdivisions and all Government organizations.

115. Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

116. The State of Delaware's Medicaid Program, and any additional program paying for such orthotic equipment with funds from political subdivisions of the State of Delaware or from the State of Delaware, were unaware of the falsity or fraudulent nature of these claims.

117. Such claims otherwise would not have been paid.

118. By reason of these payments the State of Delaware has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT IX
### Violations of DC Code, §§ 2-381.01 *et seq.*
### The District of Columbia False Claims Act

119. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

120. This is an action for treble damages and civil penalties for violations of District of Columbia False Claims Act, DC Code §§ 2-381.01 *et seq.*

121. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

122. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

123. As a result Defendants knowingly presented or caused to be presented false claims to the District of Columbia's Medicaid program, and to programs paying for health care costs employees of the District of Columbia.

124. Defendants knowingly accomplished these unlawful acts by making using or causing the use of false records or statements.

125. The District of Columbia's Medicaid Program, and any additional program paying for such orthotic equipment with District of Columbia funds, were unaware of the falsity or fraudulent nature of these claims. Such claims otherwise would not have been paid.

126. By reason of these payments the District of Columbia has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT X
## Violations of Fla. Stat. Ann. §§ 68.081 *et seq.*
## The Florida False Claims Act

127. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

128. This is an action for treble damages and civil penalties for violations of Florida False Claims Act,: Fla. Stat. Ann. §§ 68.081 *et seq.*

129. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

130. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

131. As a result Defendants knowingly presented or caused to be presented false claims to the State of Florida's Medicaid program, and to programs paying for health care costs employees of the State of Florida.

132. Defendants knowingly accomplished these unlawful acts by making using or causing the use of false records or statements.

133. The State of Florida, and any additional program paying for such orthotic equipment with State of Florida funds, were unaware of the falsity or fraudulent nature of these claims. Such claims otherwise would not have been paid.

134. By reason of these payments the State of Florida has been damaged and continues to be damaged in an amount to be determined at trial.

## COUNT XI
### Violations of O.C.G.A. § 23-3-120 (2012), *et seq.*
### The Georgia Taxpayer Protection False Claims Act

135. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

136. This is an action for treble damages and civil penalties for violations of The Georgia Taxpayer Protection False Claims Act, O.C.G.A. § 23-3-120 (2012), *et seq.*

137. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

138. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

139. Defendants therefore knowingly presented or caused to be presented false claims to the Georgia's Medicaid program.

140. The Georgia Medicaid Program was unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been allowed.

141. By reason of these payments the State of Georgia has been damaged and continues to be damaged in a substantial amount to be determined at trial in an amount to be determined at trial.

## COUNT XII
### Violations of Haw. Rev. Stat. Ann. §§ 661-21 *et seq.*
### The Hawaii False Claims Act

142. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

143. This is an action for treble damages and civil penalties for violations of the Hawaii False Claims Act, Haw. Rev. Stat. Ann. §§ 661-21 *et seq.*

144. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

145. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

146. As a result Defendants knowingly presented or caused to be presented false claims to Hawaii's Medicaid program and to programs funded by Hawaii, and its political subdivisions, to pay health care costs for their employees.

147. Defendants knowingly accomplished these unlawful acts by making, using or causing to the used of false records or statements.

148. The Hawaii Medicaid Program, and any additional program paying such claims with funds from Hawaii, or one of the political subdivisions of the State, were unaware of the falsity or fraudulent nature of the claims paid. Such claims otherwise would not have been allowed.

149. By reason of these payments the State of Hawaii has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XIII
### Violations of 740 Ill. Comp. Stat. Ann. 175/1 *et seq.*
### The Illinois False Claims Act

150. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

151. This is an action for treble damages and civil penalties for violations of The Illinois False Claims Act, 740 Ill. Comp. Stat. Ann. 175/1 *et seq.*

152. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

153. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

154. As a result Defendants knowingly presented or caused to be presented false claims to the Illinois' Medicaid program, and to programs funded by the State of Illinois as defined under the Illinois False Claims Act including, but not limited to, political subdivisions and Municipalities.

155. Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

156. The Illinois Medicaid Program, and any additional program using Illinois Funds, or funds from any subdivision of the State of Illinois were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been allowed.

157. By reason of these payments the State of Illinois has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XIV
### Violations of Ind. Code §§ 5-11-5.5 *et seq.*
### The Indiana False Claims and Whistleblower Protection Act

158. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

159. This is an action for treble damages and civil penalties for violations of The Indiana False Claims Act, Ind. Code §§ 5-11-5.5 *et seq.*

160. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

161. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

162. As a result Defendants knowingly presented or caused to be presented false claims to the Indiana Medicaid program and to other programs funded by the state of Indiana.

163. Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

164. The Indiana Medicaid Program and any additional Indiana programs using Indiana funds, were unaware of the falsity or fraudulent nature of the claims and paid those claims. Such claims otherwise would not have been allowed.

165. By reason of these payments the State of Indiana has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XV
### Violations of Iowa Code § 685.1 *et seq.*
### The Iowa False Claims Act

166. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

167. This is an action for treble damages and civil penalties for violations of The Iowa False Claims Act Iowa Code § 685.1 *et seq.*

168.   The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

169.   The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

170.   As a result Defendants knowingly presented or caused to be presented false claims to the Iowa Medicaid program.

171.   Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

172.   The Iowa Medicaid Program was unaware of the falsity or fraudulent nature of the claims, and paid the claims. Such claims otherwise would not have been allowed.

173.   By reason of these payments the State of Iowa has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XVI
### Violations of La. Rev. Stat. Ann. §§ 6:438.1 *et seq.*
### The Louisiana Medical Assistance Program Integrity Law

174.   The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

175.   This is an action for treble damages and civil penalties for violations of the Louisiana Medical Assistance Program Integrity Law, La. Rev. Stat. Ann. §§ 6:438.1 *et seq.*

176.   The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

177. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

178. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

179. The Louisiana Medicaid Program, unaware of the falsity or fraudulent nature of the claims paid for claims. Such claims would otherwise not have been allowed.

180. By reason of these payments the State of Louisiana has been damaged and continues to be damaged in a substantial amount to be determined at trial.

### COUNT XVII
### Violations of Md. Code Ann. Health-Gen. §§ 2-601 *et seq.*
### The Maryland False Health Claims Act of 2010 and
### Md. Code Ann. Gen. Prov. §§ 8-101 *et seq.*
### The Maryland False Claims Act

181. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

182. This is an action for treble damages and civil penalties for violations of the Maryland False Health Claims Act, Md. Code Ann. Health-Gen. §§ 2-601 *et seq.*, and the Maryland False claims Act Md. Code Ann. Gen. Prov. §§ 8-101 *et seq.*

183. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

184. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

185. As a result Defendants knowingly presented or caused to be presented false claims to Maryland state health plans or programs, the State of Maryland and Counties of the State of Maryland.

186. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

187. Maryland state health plan or programs, the State and Counties, unaware of the falsity or fraudulent nature of the claims, paid these claims. Such claims otherwise would not have been allowed.

188. By reason of these payments the State of Maryland and Counties have been damaged and continue to be damaged in a substantial amount to be determined at trial.

## COUNT XVIII
### Violations of Mass. Ann. Laws ch.12, §§ 5 *et seq.*
### The Massachusetts False Claims Act

189. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

190. This is an action for treble damages and civil penalties for violations of the Massachusetts False Claims Act, Mass. Ann. Laws Ch. 12, §§ 5 *et seq.*

191. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

192. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

193. As a result Defendant knowingly presented or caused to be presented false claims to the Massachusetts Medicaid program, as well as other programs funded by Massachusetts and its subdivisions.

194. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

195. The Massachusetts Medicaid Program and any additional program funded by Massachusetts and its subdivisions were unaware of the falsity or fraudulent nature of the claims. Those programs paid for claims that otherwise would not have been allowed.

196. By reason of these payments the Commonwealth of Massachusetts and its political subdivisions have been damaged and continue to be damaged in a substantial amount to be determined at trial.

**COUNT XIX**
**Violations of Mich. Comp. Laws. Serv. §§ 400.601 *et seq.***
**The Michigan Medicaid False Claims Act**

197. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

198. This is an action for treble damages and civil penalties for violations of the Michigan Medicaid False Claims Act, Mich. Comp. Laws. Serv. §§ 400.601 *et seq.*

199. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

200. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

201. As a result Defendants knowingly presented or caused to be presented false claims to the Michigan Medicaid program and or the Michigan Department of Community Health.

202. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

203. The Michigan Medicaid Program and Department of Community Health, were unaware of the falsity or fraudulent nature of the claims, and paid for claims. Such claims otherwise would not have been allowed.

204. By reason of these payments the State of Michigan has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XX
### Violations of Minn. Stat. §§ 15C.01 *et seq.*
### The Minnesota False Claims Act

205. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

206. This is an action for treble damages and civil penalties for violations of the Minnesota False Claims Act, Minn. Stat. §§ 15C.01 *et seq.*

207. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

208. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

209. As a result Defendants knowingly presented or caused to be presented false claims to the state of Minnesota, political subdivisions of the State of Minnesota and programs funded by Minnesota and its subdivisions.

210. Defendants knowingly accomplished these unlawful acts by making, using, or causing to be used a false record or statement.

211. The State of Minnesota and any program funded by Minnesota or its subdivisions were unaware of the falsity or fraudulent nature of the claims. These programs therefore paid for claims that otherwise would not have been allowed.

212. By reason of these payments the State of Minnesota and its political subdivisions have been damaged and continue to be damaged in a substantial amount to be determined at trial.

### COUNT XXI
### Violations of Mont. Code Ann. §§ 17-8-401 *et seq.*
### The Montana False Claims Act

213. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

214. This is an Action for treble damages and civil penalties for violations of the Montana False Claims Act, Mont. Code Ann. §§ 17-8-401 *et seq.*

215. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

216. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

217. As a result Defendants knowingly presented or caused to be presented false claims to Montana, and "Government entities" of the State of Montana as defined in the Montana False Claims Act.

218. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

219. The State of Montana and Montana Government entities were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been allowed.

220. By reason of these payments the State of Montana and its Government entities have been damaged and continue to be damaged in a substantial amount to be determined at trial.

### COUNT XXII
### Violations of Nev. Rev. Stat. Ann. §§357.010 *et seq.*
### The Nevada Submission of False Claims to State or Local Government Act

221. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

222. This is an action for treble damages and civil fines for violations of the Nevada Submission of False Claims to State or Local Government Act, Nev. Rev. Stat. Ann. §§ 357.010 *et seq.*

223. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

224. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

225. As a result Defendants knowingly presented or caused to be presented false claims to the state of Nevada, as well as programs funded by Nevada and its Political Subdivisions as defined under the Nevada False Claims to State and Local Government Act.

226. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

227. The state of Nevada and its political subdivisions were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been allowed.

228. By reason of these payments the State of Nevada and its political subdivisions have been damaged and continue to be damaged in a substantial amount to be determined at trial.

## COUNT XXIII
### Violations of N.J. Stat. Ann. § 2A:32C-1 *et seq.*
### The New Jersey False Claims Act

229. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

230. This is an action for treble damages and civil fines under the Section 2A:32C-3 of the New Jersey False Claims Act, N.J. Stat. Ann. §§ 2A:32C-1 *et seq.*

231. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

232. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

233. As a result Defendants knowingly presented or caused to be presented false claims to the State of New Jersey and programs funded by the State of New Jersey as "State" is defined under the New Jersey False Claims Act.

234. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

235. The State of New Jersey and programs funded by the State of New Jersey were unaware of the falsity or fraudulent nature of the claims. Such claims otherwise would not have been allowed.

236.  By reason of these payments the State of New Jersey has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXIV
### Violations of N.M. Stat. Ann. §§ 27-14-1 *et seq.*
### The New Mexico Medicaid False Claims Act and
### N.M. Stat. Ann. §§ 44-9-1 *et seq.*
### The New Mexico Fraud Against Taxpayers Act

237.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

238.  This is an action for treble damages and civil fines under The New Mexico Medicaid False Claims Act and New Mexico Fraud Against Taxpayers Act N.M. Stat. Ann. §§ 27-14-1 *et seq.*

239.  The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

240.  The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

241.  As a result Defendants knowingly presented or caused to be presented false claims to the New Mexico Medicaid program, as well as programs funded by The State of New Mexico as defined under the New Mexico Fraud Against Taxpayers Act.

242.  Defendants knowingly accomplished these unlawful acts by making, using or causing the use of false records or statements.

243.  The New Mexico Medicaid Program and other programs funded by the State of New Mexico were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

244.  By reason of these payments the State of New Mexico has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXV
### Violations of N.Y. State Fin. Law §§ 188 *et seq.*
### The New York False Claims Act

245.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

246.  This is an action for treble damages and civil fines under the New York False Claims Act. N.Y. State Fin. Law §§ 188 *et seq.*

247.  The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

248.  The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

249.  As a result Defendants knowingly presented or caused to be presented false claims to the New York Medicaid program, as well as programs funded by the State of New York and programs funded by Local Governments of the State as defined under the New York False Claims Act.

250.  Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

251.  The New York Medicaid Program and other programs funded by New York State and New York Local Governments were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

252. By reason of these payments the State of New York and Local Governments have been damaged and continue to be damaged in a substantial amount to be determined at trial.

## COUNT XXVI
### Violations of N.C. Gen. Stat. §§ 1-605 *et seq.*
### The North Carolina False Claims Act

253. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

254. This is an action for treble damages and civil fines against the Defendants under The North Carolina False Claims Act, N.C. Gen. Stat. §§ 1-605 *et seq.*

255. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

256. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

257. As a result Defendants knowingly presented or caused to be presented false claims to North Carolina and programs funded by the State of North Carolina.

258. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

259. The State of North Carolina and programs funded by the State of North Carolina were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

260. By reason of these payments the State of North Carolina has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXVII
### Violations of Okla. Stat. tit. 63, §§ 5053 *et seq.*
### The Oklahoma Medicaid False Claims Act

261.    The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

262.    This is an action for treble damages and civil fines against the Defendants under the Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63, §§ 5053 *et seq.*

263.    The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

264.    The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

265.    The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

266.    The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

267.    As a result Defendants knowingly presented or caused to be presented false claims to Oklahoma and programs funded by the State of Oklahoma.

268.    Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

269.    The State of Oklahoma and programs funded by the State of Oklahoma were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

270. By reason of these payments the State of Oklahoma has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXVIII
### Violations of R.I. Gen. Laws §§ 9-1.1-1 *et seq.*
### The Rhode Island False Claims Act

271. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

272. This is an action for treble damages and civil fines against Defendants under The Rhode Island False Claims Act, R.I. Gen. Laws §§ 9-1.1-1 *et seq.*

273. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

274. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

275. As a result Defendants knowingly presented or caused to be presented false claims to the State of Rhode, as well as programs funded by the State of Rhode Island as defined under the Rhode Island False Claims Act to include all Rhode Island agencies, government entities, cities, towns.

276. Defendants also knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

277. The State of Rhode Island and programs funded by the State of Rhode Island were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

278. By reason of these payments the State of Rhode Island has been damaged and continues to be damaged in a substantial amount to be determined at trial.

### COUNT XIX
### Violations of T.C.A. §§ 4-18-101 et seq.
### The Tennessee False Claims Act
### and T.C.A. §§ 71-5-181 *et seq.*
### and Tennessee Medicaid False Claims Act

279. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

280. This is an action for treble damages and civil fines against the Defendants under T.C.A §§ 4-18-101 *et seq.*, the Tennessee False Claims Act and T.C.A. §§ 71-5-181 *et seq.* the Tennessee Medicaid False Claims Act.

281. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

282. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

283. As a result Defendants knowingly presented or caused to be presented false claims to the Tennessee Medicaid program, as well as programs funded by Tennessee and its political subdivisions as defined under the Tennessee False Claims Act and the Tennessee Medicaid False Claims Act.

284. Defendants knowingly accomplished these unlawful acts by making, using. or causing the use of false records or statements.

285. The Tennessee Medicaid Program and other programs funded by Tennessee and its political subdivisions were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

286. By reason of these payments the State of Tennessee and its political subdivisions have been damaged and continue to be damaged in a substantial amount to be determined at trial.

**COUNT XXX**
**Violations of Tex. Hum. Res. Code Ann. §§ 36.001 *et seq.***
**The Texas Medicaid Fraud Prevention Act**

287. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

288. This is an action for treble damages and civil fines against the Defendants under the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ann. §§ 36.001 *et seq.*

289. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

290. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

291. As a result Defendants knowingly presented or caused to be presented false claims to the Texas Medicaid program, and or knowingly accomplished these unlawful acts by making using or causing to be used a false record or statement.

292. The Texas Medicaid Program was unaware of the falsity or fraudulent nature of the claims. Texas therefore paid for claims that otherwise would not have been allowed.

293.	By reason of these payments the State of Texas has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXXI
### Violations of 32 VSA §§ 630 *et seq.*
### The Vermont False Claims Act

294.	The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

295.	Plaintiff-Relator seeks relief against Defendants under the Vermont False Claims Act, 32 VSA §§ 630 *et seq.*

296.	The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

297.	The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

298.	As a result Defendants knowingly presented or caused to be presented false claims to the Vermont Medicaid program, as well as programs funded by the State of Vermont as defined under the Vermont False Claims Act to include, any agency of state government, and any political subdivision.

299.	Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

300.	The Vermont Medicaid Program and other Vermont programs were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

301. By reason of these payments the State of Vermont and its political subdivisions have been damaged and continue to be damaged in a substantial amount to be determined at trial.

### COUNT XXXII
#### Violations of Va. Code Ann. §§ 8.01-216.1 *et seq.*
#### The Virginia Fraud Against Taxpayers Act

302. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

303. Plaintiff-Relator seeks relief against Defendants under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. §§ 8.01-216.1 *et seq.*

304. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

305. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

306. As a result Defendants knowingly presented or caused to be presented false claims to the Virginia Medicaid program, as well as programs funded by the Commonwealth of Virginia as defined under the Virginia Fraud Against Taxpayers Act to include, any agency of state government, and any political subdivision.

307. Defendants knowingly accomplished these unlawful acts by making, using, or causing to the use of false records or statements.

308. The Virginia Medicaid Program and other Commonwealth of Virginia programs were unaware of the falsity or fraudulent nature of the claims. They therefore paid for claims that otherwise would not have been allowed.

309. By reason of these payments the Commonwealth of Virginia has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXXIII
### Violations of RCW 74.66.005 *et seq.*
### The Washington Medicaid Fraud Act

310. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

311. This is an action for treble damages and civil fines against the Defendants under The Washington Medicaid Fraud Act RCW 74.66.005 *et seq.*

312. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

313. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

314. As a result Defendants knowingly presented or caused to be presented false claims to the Washington Medicaid program.

315. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

316. The State of Washington was unaware of the falsity or fraudulent nature of the claims. The State therefore paid for claims that otherwise would not have been allowed.

317. By reason of these payments the State of Washington has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXXIV
### Violations of Allegheny County, PA Chapter 485 *et seq.*
### County OF Allegheny False Claims Ordinance.

318. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

319. This is an action for treble damages and civil fines against the Defendants under The County False Claims Ordinance, PA Chapter 485 *et seq*.

320. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

321. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

322. As a result Defendants knowingly presented or caused to be presented false claims to Allegheny County medical programs and Allegheny County Employees receiving health care through the County.

323. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

324. Allegheny County was unaware of the falsity or fraudulent nature of the claims and therefore paid for claims that otherwise would not have been allowed.

325. By reason of these payments Allegheny County has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## COUNT XXXV
### Violations of Phila, PA Code Ch. 19 §§19-36000 et seq.
### The Philadelphia False Claims Act.

326. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

327. This is an action for treble damages and civil fines against the Defendants under The Philadelphia False Claims Act §§ Phila, PA Code Ch. 19 §§19-36000 *et seq.*

328. The Defendants knowingly sell orthotic equipment through Comfortland Medical, despite the fact that Dr. Tsui is an excluded individual, and continues an active role in the company.

329. The Defendants therefore knowingly violate the Social Security Act to make sales of orthotic equipment to government programs.

330. As a result Defendants knowingly presented or caused to be presented false claims to the City of Philadelphia health care programs and employees of the City of Philadelphia with health care provided by the City in whole or part.

331. Defendants knowingly accomplished these unlawful acts by making, using, or causing the use of false records or statements.

332. Philadelphia was unaware of the falsity or fraudulent nature of the claims. Philadelphia therefore paid for claims that otherwise would not have been allowed.

333. By reason of these payments Philadelphia has been damaged and continues to be damaged in a substantial amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Relator, on behalf of himself, the United States, and all States listed herein request that judgment be entered in his favor and against Defendants as follows:

(a) That Defendants cease and desist from violating 31 U.S.C. § 3729, *et seq.*, and the counterpart provisions of the State False Claims Acts set forth above;

(b) Plaintiff-Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act and the maximum amount allowed pursuant to the State False Claims Act statutes;

(c) That in the event the United States Government continues to proceed with this action, the Plaintiff-Relator be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of any award or the settlement of the claims;

(d) That in the event the United States Government does not proceed with this action, the Plaintiff-Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be not less than 25% nor more than 30% of the proceeds of any award or settlement;

(e) That this Court enter judgment against all Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $11,000 of between $5,500-$11,000, for each violation of 31 U.S.C. § 3729 occurring prior to November 2, 2015, and a civil fine of between $10,781 and $21,563, for such conduct occurring after November 2, 2015. *See* 81 Fed. Reg. 42491 (June 30, 2016). In addition Defendants are liable for any increase in civil fines as specified by the Federal Civil Penalties Inflation Adjustment Act of 1990, plus the appropriate amount to the States for damages and civil fines as determined under the above listed State False Claims Acts;

(f) That Plaintiff-Relator be awarded an amount that the Court decides is reasonable, which shall not be less than 15% of the proceeds or settlement of any related administrative, criminal, or civil actions, including the monetary value of any

equitable relief, fines, restitution, or disgorgement to the United States and/or third parties;

(g) That Plaintiff-Relator be granted a trial by jury;

(h) That Plaintiff-Relator, the United States, and the States listed herein be awarded pre-judgment interest;

(i) That the Plaintiff-Relator, be awarded all costs of this action, including attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d) and similar provisions of the Sate False Claims Acts listed herein.

(j) The United States, the States, sub-divisions or municipalities and the Plaintiff-Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

Charles H. Rabon, Jr.
N.C. State Bar No. 16800
Rabon Law Firm, PLLC
225 E. Worthington Avenue
Suite 100
Charlotte, NC 28203
Telephone: 704-247-3247
Fax: 704-208-4645
crabon@usfraudattorneys.com

Anthony C. Munter
PRICE BENOWITZ, LLP
409 7th Street, N.W.
Washington, DC 20004
Phone: (202) 417-6000
Fax: (202) 664-1331
tony@pricebenowitz.com

To be admitted *pro hac vice*

**Attorneys for Plaintiff-Relator**